## VANSANDS vs. MILLER.

The receiving and recording of an assignment, made by an insolvent debtor, pursuant to the provisions of the statute, relating to the settlement of insolvent estates assigned for the benefit of creditors, are ministerial acts.

The probate court may receive and record a *voluntary assignment* of the estate of an insolvent debtor, though made during the pendency of a petition, by one of his creditors, for the appointment of a trustee of such debtors' estate, under

the statute, entitled "An act for the relief of insolvent debtors, and for the more equal distribution of their effects among their creditors."

A voluntary assignment is not rendered void, by a provision, that if the trustee therein named should decline to accept and execute said trust, the assignor should have the power of appointing another trustee in his stead, and in place of any other trustee, thereafter appointed by said assignor, and who might decline said trust.

THIS was an appeal from a decree of the probate court for the district of Meriden, accepting the assignment of Edwin Birdsey to Joel Miller, and ordering the same to be recorded, which is referred to in the preceding case of *Birdsey* v. *Vansands*.

The appellant assigned the following reasons of appeal.
1. That said assignment was fraudulent and void as against him, and other creditors of Birdsey, because made by him when in "failing circumstances, with a view to his insolvency," and during the pendency of the petition of the appellant before said court of probate, praying for the appointment of a trustee to take possession of the property of Birdsey for the benefit of all his creditors, under the provisions of the statute, entitled, " An act for the relief of insolvent debtors, and for the more equal distribution of their effects among their creditors;" and that said assignment was so made, and lodged for record, for the purpose of defeating said petition, and of preventing the prayer thereof being carried into effect by appointment of a trustee, as prayed for.

2. That, on the 16th day of December, 1854, Charles Parker caused to be attached certain real estate of said Birdsey, in a suit brought to secure a claim of about $1,200, due from said Birdsey to Parker, which suit was still pending ; and that said assignment was so made and lodged, with the intent to procure the dismissal of said application for the appointment of a trustee by said court of probate, on the said 15th day of February, A. D. 1855, in fraud of the policy of said act, as well as the rights of said appellant, and, sixty days having then elapsed since the making of said attachment, with intent to make effectual the said attachment, to

secure in whole, or in part, the said debt of the said Parker, and prevent said appellant from receiving any part of said property so attached, as aforesaid, in satisfaction of his debt, described in his petition for the appointment of a trustee, as by said act, and by virtue of said proceedings, he was entitled to, in common with the other creditors of said Birdsey.

3. That said assignment was made and lodged in the office of said court of probate, on the said 15th day of February, not only for the purpose of defeating the prayer of said petition, but of aiding the said Parker in obtaining, by virtue of his attachment, a preference over the appellant, and other creditors of said Birdsey, contrary to the true intent of the statute, in such case provided.

The superior court found the reasons of appeal true and sufficient, and ordered the decree of the court of probate, appealed from, to be set aside. The appellee thereupon filed his motion in error, and brought the case before this court.

*Baldwin* and *Sayles*, in support of the motion.

1. The decision of the superior court, reversing the decree of the court of probate, is in accordance with the spirit of the "Act for the relief of insolvent debtors," because said decree established, as valid and sufficient, a void assignment.

The assignment of Birdsey is void, as against the creditors of the assignor, by the terms and meaning of the statute referred to, because it was made by the assignor, when "in failing circumstances, and with a view to his insolvency," and not made for the benefit of all his creditors. Rev. Stat., 512.

2. Said assignment is fraudulent and void, as against the creditors of the assignor, because he intended to prefer, and did prefer thereby, one of his creditors.

3. If the assignment was not fraudulent, it conveyed no estate of the assignor, for all his estate was held by the prior application of the appellant, to the court of probate, for the appointment of a trustee, for the purpose expressed in the statute referred to; and said estate was thereby prevented

from passing by said assignment, to the appellee, as assignee. Rev. Stat., 513.

4. Whether the assignment was, or was not, fraudulent, if it conveyed nothing, the court of probate ought to have treated it as void; and ought not to have ordered the same to be recorded, to become, as it might, the means of future litigation, or the source of suspicion against the legal title to the property, therein described.

*Wright* and *Doolittle,* against the motion.

I. The statute imperatively requires the court of probate, when an assignment is presented, to receive it for record, Rev. Stat., 512, and a *mandamus* will lie for a refusal to do this.

II. The act of receiving the assignment for record, was a mere ministerial act, not a judicial act, or judgment, but an act which may be done by the clerk, from which no appeal lies. The clerk is "to receive for record," the assignment, that is to say, he is to record it, and enter the date of its reception for record.

III. It is said that the reception for record threw a cloud over the title, that the assignee, to be thereafter appointed by the court, would thereafter receive and acquire. When this deed of assignment was presented for record, neither the judge, nor clerk, could tell that Vansands would pursue his application, or that any decree would be rendered against Birdsey.

HINMAN, J. We think the court of probate was correct in receiving and recording the assignment of Edwin Birdsey. It appears, on its face, to have been made with reference to the act of 1853, the first section of which makes it the duty of the judge, or clerk of probate, to enter, on all such assignments, the time when they are received for record, and provides that the record shall bear the same date, and that the assignment shall take effect when so lodged for record. As

HARVARD LAW SCHOOL LIBRARY

the same power, in this respect, is given to the clerk as to the judge, and it is made the duty of both to receive for record all documents of this sort, it appears to us that the reception and recording are rather ministerial acts, in which no judicial action is implied.  Stat., ed. 1854, p. 512.

Again, we do not see what interest Vansands has in defeating the voluntary assignment.  He claims no interest in any property affected by it, and as a mere creditor of Birdsey, his interest is to support it, if there is any property on which it can operate.  The suggestion that its reception would throw a cloud over the title, which he was seeking to obtain for the trustee, to be appointed by the court of probate, seems to be rather fanciful than real.  A multiplicity of conveyances may sometimes embarrass a title.  But this is not a case of that sort.  Vansands' application, if successfully pursued, will effect a transfer of all the property, not exempted by the statute, which Birdsey had at the time; and, if there is no subsequently acquired estate, it will defeat the operation of the voluntary assignment, for the reason that the compulsory process is prior in point of time.  On the other hand, if the debtor had subsequently acquired estate, and chose to assign it, it would obviously be for the benefit of all his creditors, of whom Vansands is one.

We do not think the reservation of power to name a subsequent trustee, rendered the assignment void.  If it is inoperative, because the power to appoint subsequent trustees is given to the court of probate, we do not think it ought to affect the other parts of the conveyance.

The judgment of the superior court is therefore reversed, and the order of the court of probate affirmed.

In this opinion, the other judges, WAITE and STORRS, concurred.

Judgment reversed.